UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VIRGINIA IANNIELLO,                                          Civ. Act. No.: 10-CV-0370 (SJF) (ARL)

                Plaintiff,

    -against-                                                **ANSWER**

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY; GROUP LONG TERM
DISABILITY PLAN FOR EMPLOYEES OF            DOCUMENT
AMERICAN INTERNATIONAL GROUP, INC.,         **ELECTRONICALLY FILED**

                Defendants.
-------------------------------------------------------------X

Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY (hereinafter "Hartford") and GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF AMERICAN INTERNATIONAL GROUP, INC., by their attorneys, Sedgwick, Detert, Moran & Arnold LLP, as and for their Answer to plaintiff's Complaint, respectfully sets forth the following upon information and belief:

### JURISDICTION

    FIRST:    The allegations in paragraph "1" of the Complaint relate to questions of law to which no response is required. To the extent a response is required, defendants admit that plaintiff's claims arise under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132(a)(1) and that this Court has subject matter jurisdiction over this matter.

## VENUE

SECOND: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "2" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of business for the contents thereof as to the facts and circumstances recorded therein, except admit venue is proper in this District.

## PARTIES

THIRD: Deny each and every allegation contained in paragraph "3" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of its business for the contents thereof as to the facts and circumstances recorded therein, except admit plaintiff was a participant in the Group Long Term Disability Plan for Employees of American International Group, Inc. (hereinafter the "Plan") and respectfully refer to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

FOURTH: Admit the truth of each and every allegation contained in paragraph "4" of plaintiff's Complaint.

FIFTH: Deny each and every allegation contained in paragraph "5" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the Plan documents for the terms, conditions, limitations and exclusions set forth therein, except admit Hartford issued a group policy of insurance, number GLT-675190

(the "Policy") to American International Group, Inc. (AIG) to fund benefits under the Plan and also admit that Hartford was the insurer and claim fiduciary under the Plan with full discretionary authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Plan.

**CLAIM FOR RELIEF**

SIXTH:   Deny each and every allegation contained in paragraph "6" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

SEVENTH:   Deny each and every allegation contained in paragraph "7" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

EIGHTH:   Deny each and every allegation contained in paragraphs "8" including subparts A-E inclusive, of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the Plan documents for the terms, conditions, limitations and exclusions set forth therein, except admit that the quoted language appears in the Policy.

NINTH:   Deny each and every allegation contained in paragraph "9" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained

NY/562337v1

by Hartford in the regular course of its business for the contents thereof as to the facts and circumstances recorded therein.

TENTH: Deny each and every allegation contained in paragraph "10" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of its business for the contents thereof as to the facts and circumstances recorded therein.

ELEVENTH: Deny each and every allegation contained in paragraph "11" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of its business for the contents thereof as to the facts and circumstances recorded therein.

TWELFTH: Deny each and every allegation contained in paragraph "12" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTEENTH: Deny each and every allegation contained in paragraph "13" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of its business for the contents thereof as to the facts and circumstances recorded therein.

FOURTEENTH: Deny each and every allegation contained in paragraph "14" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that by letter dated January 2, 2009, Hartford advised plaintiff that no benefits are payable under the Plan because it determined that she did not meet the Policy definition of Disability.

FIFTEENTH: Deny each and every allegation contained in paragraph "15" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that plaintiff submitted an administrative appeal to Hartford by letter brief dated June 26, 2009 in which she challenges Hartford's determination that she did not meet the Policy definition of Disability.

SIXTEENTH: Deny each and every allegation contained in paragraph "16" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that by letter dated November 2, 2009, Hartford advised plaintiff that following a full review and reconsideration of her claim on administrative appeal, the original determination that plaintiff did not meet the Policy definition of Disability was upheld.

SEVENTEENTH: Deny each and every allegation contained in paragraph "17" of plaintiff's Complaint.

EIGHTEENTH: Admit the truth of each and every allegation contained in paragraph "18" of plaintiff's Complaint.

NINETEENTH: Deny each and every allegation contained in paragraph "19" including all sub-parts of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

TWENTIETH: Deny each and every allegation contained in paragraph "20" of plaintiff's Complaint, including sub-parts A-E, inclusive, and respectfully refer all questions of law to the Honorable Court.

TWENTY-FIRST: Deny each and every allegation contained in paragraph "21" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

TWENTY-FIRST A: Deny each and every allegation contained in paragraph "21A" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit Hartford is both the claim administrator and the funding source for the LTD Plan.

TWENTY-FIRST B: Deny each and every allegation contained in paragraph "21B" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

NY/562337v1

TWENTY-FIRST C:     Deny each and every allegation contained in paragraph "21C" of plaintiff's Complaint.

TWENTY-SECOND:     Deny each and every allegation contained in paragraph "22" of plaintiff's Complaint.

TWENTY-THIRD:     Deny each and every allegation contained in paragraph "23" of plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

TWENTY-FOURTH:     Deny each and every allegation contained in paragraph "24" of plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court and respectfully refer to the administrative record pertaining to plaintiff's claim kept and maintained by Hartford in the regular course of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that Hartford and the Plan maintain that plaintiff is not entitled to benefits under the terms of the Plan because she failed to meet the Policy definition of Disability.

TWENTY-FIFTH:     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "25" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except denies that plaintiff is entitled to a declaration that Hartford and the Plan are obligated to pay LTD disability benefits under the terms of the Plan retroactive to the first day of her eligibility because plaintiff failed to demonstrate that she meets the Policy definition of Disability and consequently, no benefits are payable under the terms of the Plan.

TWENTY-SIXTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "26" of plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

TWENTY-SEVENTH: Deny each and every allegation contained in paragraph "27" of plaintiff's Complaint except, admit upon information and belief, that plaintiff retained legal counsel in connection with her claims in this matter.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against Hartford.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-NINTH: The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in plaintiff's Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTIETH: Hartford acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, plaintiff is barred from recovery for his claims in this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTY-FIRST: All actions about which plaintiff complains were either required or permitted by applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTY-SECOND: Hartford's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Hartford's determination concerning plaintiff's claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

THIRTY-THIRD: Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH: Defendant Hartford, as claim fiduciary for the governing welfare benefit plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and Hartford is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously. Hartford's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Hartford's determination concerning plaintiff's claims.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH: To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date Hartford determined she was not entitled to receive benefits under the Plan, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any alleged disabling conditions (the existence of which is denied), as well as the affect of different Plan requirements, exclusions and/or limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH:    If plaintiff is entitled to any payment of benefits, which defendants deny, such payment must be reduced and offset by any other income, benefits or set-offs as defined in the governing Plan document, that were or may be payable to her.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH:    The Court's review of plaintiff's claim against the defendants is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Hartford in the regular course of its business.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH:    Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

THIRTY-NINTH:    Any findings by the Social Security Administration with respect to plaintiff's claim for Social Security disability benefits are neither determinative nor binding with respect to Hartford's evaluation of plaintiff's claim for Long Term Disability benefits under the applicable Plan documents.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FORTIETH:    Plaintiff's Complaint, and all claims set forth therein, are time-barred by the Plan's limitation of actions clause.

**WHEREFORE**, defendants Hartford and the Plan pray:

1. That the action be dismissed, or that judgment be entered in favor of defendants, Hartford and the Plan, against plaintiff;

2. That defendants, Hartford and the Plan, be awarded reasonable attorney's fees;

3. That defendants, Hartford and the Plan, be awarded costs of suit incurred herein; and

4. That defendants, Hartford and the Plan, be awarded such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         April 12, 2010

                                    Respectfully Submitted,

                                    s/ _____
                                    MICHAEL H. BERNSTEIN (MB-0579)
                                    SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                    125 Broad Street, 39th Floor
                                    New York, New York 10004-2400
                                    Telephone: (212) 422-0202
                                    Facsimile: (212) 422-0925
                                    (SDMA File No. 02489-000058)
                                    *Attorneys for Defendants*
                                    HARTFORD LIFE AND ACCIDENT
                                    INSURANCE COMPANY and GROUP LONG TERM
                                    DISABILITY PLAN FOR EMPLOYEES OF
                                    AMERICAN INTERNATIONAL GROUP, INC.

To:   Robert J. Rosati, Esq.
      ERISA Law Group
      2055 San Joaquin Street
      Fresno, CA 93721
      T: (559) 256-9800
      F: (559) 256-9795
      E-mail: robert@erisalg.com
      *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** (for Hartford Life and Accident Insurance Company and Group Long Term Disability Plan For Employees of American International Group, Inc.) was served by **ECF and Regular Mail** on April 12, 2010 upon the following:

> Robert J. Rosati, Esq. (appearing pro hac vice)
> ERISA Law Group
> 2055 San Joaquin Street
> Fresno, CA 93721
> T: (559) 256-9800
> F: (559) 256-9795
> E-mail: robert@erisalg.com
> *Attorney for Plaintiff*

s/ _____
MICHAEL H. BERNSTEIN (MB-0579)

NY/562337v1