D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VIRGINIA IANNIELLO,

                Plaintiff,

    -against-

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY; GROUP LONG TERM DISABILITY
PLAN FOR EMPLOYEES OF AMERICAN
INTERNATIONAL GROUP, INC.,

                Defendants.
------------------------------------------------------------X

**ORDER**
10-CV-370 (SJF)(ARL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ JAN 26 2012 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.

I.    Introduction

On January 28, 2010, plaintiff Virginia Ianniello ("plaintiff" or "Ianniello") commenced this action against defendants Hartford Life and Accident Insurance Company ("Hartford") and Group Long Term Disability Plan for Employees of American International Group, Inc. (together, "defendants") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"), seeking to recover long term disability benefits under a group long term disability plan offered by her former employer, American International Group ("AIG") and issued by Hartford. [Docket Entry No. 1].

Both parties have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. [Dockets No. 35, 43]. On August 16, 2011, pursuant to a referral, Magistrate Judge Arlene R. Lindsay issued a Report and Recommendation (the "Report") recommending

1

that defendant's motion be granted and that plaintiff's motion be denied. [Docket Entry No. 69]. On August 30, 2011, plaintiff filed objections to Judge Lindsay's Report. ("Pl. Obj.") [Docket Entry No. 70].

For the reasons that follow, Magistrate Judge Lindsay's Report and Recommendation is adopted in its entirety. Defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

II. Background

Plaintiff was hired by AIG Travel, Inc. as a Manager of Multi-National Accounts on January 1, 2007. Report at 2; Administrative Record [Docket Entry Nos. 61-66] ("AR") at 121; 1261. Plaintiff stopped working in December 2007, at which time she claims to have become disabled by vertigo, dizziness, and nausea. Report at 2; AR at 79. Hartford paid plaintiff short term disability benefits through June 3, 2008, and plaintiff filed a claim for long term disability benefits. Report at 2; AR at 116-118, 120-121, 131, 133, 1216.

On January 2, 2009, Hartford denied Ianniello's claim for long term disability benefits. Report at 2, 21. Hartford explained that it had concluded that her job was a "sedentary" position and that, based on a review of the medical information in her file, she was capable of performing a sedentary job on a full-time basis. Report at 21; AR at 363-367. After an appeal by Ianniello, Hartford affirmed its decision on November 2, 2009. Report at 2; AR at 272-278. This action followed.

III. Discussion

   A.   Standards of Review.

      1.   Review of a Magistrate's Report and Recommendation.

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." Frankel v. City of New York, Nos. 06 Civ. 5450 (LTS)(DFE), 07 Civ. 3436 (LTS)(DFE), 2009 WL 465645, at *2 (S.D.N.Y. Feb. 29, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

      2.   Summary Judgment Standard.

"Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could

3

rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted).

An issue of fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. See Koch v. Town of Brattleboro, Vermont, 287 F.3d 162, 165 (2d Cir. 2002) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

"In order to defeat a motion for summary judgment supported by proof of facts that would entitle the movant to judgment as a matter of law, the nonmoving party is required . . . to set forth specific facts showing that there is a genuine issue of material fact to be tried . . . . If the nonmoving party does not so respond, summary judgment will be entered against him." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (citations omitted). The nonmoving party "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible . . . , or upon the mere allegations or denials of the [nonmoving] party's pleading." Id. (internal quotation marks and citations omitted).

3. Review of a Denial of Employee Benefits.

"ERISA permits a person denied benefits under an employee benefit plan to challenge the denial in federal court." Lopes v. First Unum Life Ins. Co., No. 09-CV-2442, 2011 WL

4

1239899, at *3 (E.D.N.Y. Mar. 30, 2011) (citing 29 U.S.C. § 1132(a)(1)(B)). "[A] denial of benefits challenged under [ERISA § 502(a)(1)(B)] is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Krauss v. Oxford Health Plans, Inc., 517 F.3d 614, 622 (2d Cir. 2008) (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). "If the insurer establishes that it has such discretion, the benefits decision is reviewed under the arbitrary and capricious standard." Id. (citing Fay v. Oxford Health Plan, 287 F.3d 96, 104 (2d Cir. 2002)).

In this case, it appears undisputed that the plan gives the administrator such discretionary authority.[1] Therefore, the Court "will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious.'" Hobson v. Metro. Life Ins. Co., 574 F.3d 75, 82 (2d Cir. 2009). The Court's task, therefore, is to determine whether the denial was "unsupported by substantial evidence or erroneous as a matter of law." Pulvers v. First Unum Life Ins. Co., 210 F.3d 89, 92 (2d Cir. 2000). "Substantial evidence is evidence that a reasonable mind might accept as adequate to support the conclusion reached and 'requires more than a scintilla but less than a preponderance.'" Robbins v. Aetna Life Ins. Co., No. 03-CV-5792, 2006 WL 2589359, at *5 (E.D.N.Y. Sept. 8, 2006) (quoting Miller v. United Welfare Fund, 72 F.3d 1066, 1072 (2d Cir. 1995)). "Under arbitrary and capricious review, in a case where the claimant and administrator 'offer rational, though conflicting, interpretations of plan provision, the [administrator's] interpretation must be allowed to control.'" Id. (quoting O'Shea v. First Manhattan Co. Thrift

---

[1] The plan provides that Hartford Life and Accident Insurance Company has "the full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy." Report at 4; AR at 33, 37.

5

Plan & Trust, 55 F.3d 109, 112 (2d Cir. 1995)).

    B.    Plaintiff's Objections to the Report and Recommendation.

Plaintiff has asserted twelve (12) objections to the Report and Recommendation. In large measure, the objections reiterate arguments raised in plaintiff's summary judgment motion. To the extent they do so, the Report is reviewed for clear error. See Barney v. Consolidated Edison Co. of N.Y., No. 99-CV-0823, 2007 WL 952035, at *2 (E.D.N.Y. Mar. 28, 2007).

First, plaintiff asserts a general objection that "Hartford abused its discretion and Ianniello is entitled to benefits as a matter of law." Pl. Obj. at 1. Plaintiff points to specific evidence in the record, including the medical opinion of Dr. Carl Anderson, as well as the fact that she was awarded Social Security Insurance ("SSDI") benefits. The Report's review of the record, application of the law, and finding that Hartford did not abuse its discretion are not clearly erroneous. See generally Gannon v. Aetna Life Ins. Co., No. 05 Civ. 2160, 2007 WL 2844869, at *13 (S.D.N.Y. Sept. 28, 2007); Lekperic v. Bldg. Svc. 32B-J Health Fund, No. 02 CV 5726, 2004 WL 1638170, at *4 (E.D.N.Y. July 23, 2004) ("[T]he mere existence of conflicting evidence does not render the Trustee's decision arbitrary or capricious.")

Second, plaintiff argues that "the facts and law establish that Defendants' Motion for Summary Judgment should be denied" and that Hartford "denied [her] a full and fair review." Id. at 2. Specifically, plaintiff claims that Hartford did not explicitly request objective evidence of her ailments and "disregarded" her Social Security award. Id.

"Section 503(2) of ERISA requires that claims for benefits be afforded a 'full and fair

review by the appropriate named fiduciary of the decision denying the claim.'" Hobson v. Metropolitan Life Ins. Co., 574 F.3d 75, 86 (2d Cir. 2009) (quoting 29 U.S.C. § 1133(2)). However, Hartford was "not required to accept [plaintiff's] subjective complaints in the absence of objective evidence supporting disability." Tortora v. SBC Commc'ns, 739 F.Supp.2d 427, 444 (S.D.N.Y. 2010). It was plaintiff's burden to demonstrate her disability under the terms of the plan, and it was reasonable for Hartford to require objective evidence to support her alleged physical limitations. See Hobson, 574 F.3d at 88. Furthermore, Hartford was not bound by the decision of the Social Security Administration. See Fortune v. Group Long Term Disability Plan, 391 Fed. Appx. 74, 78 (2d Cir. Aug. 30, 2010). There is nothing to suggest plaintiff was denied a full and fair review of her claim.

Third, plaintiff argues that the Report "does not accurately summarize" the opinions of Dr. Darrin Campo, an independent peer review physician who reviewed plaintiff's medical records and found that plaintiff was capable of working on a full-time basis. AR at 382. Specifically, plaintiff argues – as she did in her summary judgment motion – that Dr. Campo did not sufficiently explain his conclusion and failed to address certain elements of Dr. Anderson's report. Pl. Obj. at 3; Plaintiff's Brief [Docket Entry No. 37] ("Pl. Br.") at 16-17. However, plaintiff fails to identify any actual error in the Report's discussion, and the Court finds none.

Fourth, plaintiff claims the Report "erroneously analyzes" Hartford's rejection of Amy Cook's initial recommendation that long term benefits be paid to Ianniello. Plaintiff argues that: (1) her job, as "recognized in the general workplace," was properly classified as a "light duty" occupation, which she was incapable of performing; and (2) even if her job was a "sedentary" occupation, she was unable to perform a sedentary full-time job. Pl. Obj. at 3-8.

7

In support of this argument, plaintiff emphasizes the fact that Hartford initially classified her job as a "light duty" occupation. Pl. Obj. at 5-6. However, when Hartford sought further guidance from AIG, an AIG human resource representative stated that the job description was inaccurate, and that Ianniello's position was actually "a sedentary occupation with little or no travel required." Report at 20; AR at 1141-42. The representative stated that, since drafting the job description, AIG had "realized that the travel component as originally stated was not required of this role." Report at 20; AR at 1141-42. Hartford's reliance on AIG's description of Ianniello's job as a "sedentary" occupation was not unreasonable or improper.

Fifth, plaintiff argues that the Report "makes erroneous assumptions regarding [her] Social Security Disability award." Pl. Obj. at 9. According to plaintiff, the Report implies that Ianniello withheld the Social Security Administration's rationale in granting her benefit claim and that Hartford was "therefore unable to evaluate the meaning of the SSA determination." Id. at 9. The Report's discussion of the Social Security Award was accurate. This objection is overruled.

Sixth, plaintiff argues that the Report "mischaracterizes" and "unjustifiably relie[s] upon" the report and opinion of Dr. James Bress, who performed a peer review of plaintiff's file in connection with her appeal. Pl. Obj. at 9. The sixth objection is duplicative of arguments made elsewhere in plaintiff's objections, and is addressed infra.

Seventh, plaintiff argues the Report assigned too little weight to the plan administrator's conflict of interest. Id. at 9-21. Plaintiff identifies various "acts of deception, misconduct, and misrepresentation," which, according to her, indicate that Hartford distorted the evidence in order to reach a result that would be consistent with its own economic self-interest. Id. at 21.

Hartford's procedural safeguards reduced the risk that its decision would be influenced by its conflict. Plaintiff's claim was denied by members of the company's claims department, and then affirmed on appeal by members of the company's separate and independent appeals unit. See Affidavit of Bruce Luddy [Docket Entry No. 46]. Hartford's claims department and appeals unit are separate from its financial and underwriting departments. Id. at ¶ 13. A Hartford Appeals Specialist who was involved in reviewing plaintiff's case states in an affidavit that she did not discuss the issue of financial impact with Hartford's financial or underwriting departments, that she receives no incentive to deny LTD claims, and that she did not consider financial impact in reviewing plaintiff's case. Affidavit of Judith Rose [Docket Entry No. 44]. The Court finds that these measures were sufficient "to reduce potential bias and to promote accuracy." Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 117 (2008); see also Rotondi v. Hartford Life & Acc. Group, No. 09-cv-06287, 2010 WL 3720830, at *11-12 (S.D.N.Y. Sep. 22, 2010); Bendik v. Hartford Life Ins. Co., No. 03 Civ. 8138, 2010 WL 2730465, at *5 (S.D.N.Y. Jul. 12, 2010).

Plaintiff further claims that Dr. James Bress's opinion is "riddled with factual errors," and that Hartford's continued use of Dr. Bress signals its conflict of interest. Pl. Obj. at 17-21. Specifically, plaintiff disputes Dr. Bress' note that "Dr. Anderson's medical records are devoid of any evidence showing a trigger point testing was ever conducted on Ianniello to confirm a diagnosis of fibromyalgia," and claims that Dr. Anderson's notes imply that a trigger point test had been conducted. Id. at 17. Hartford was not required to speculate what tests might have been performed or what results such tests may have yielded. It was plaintiff's burden to provide the evidence of these tests, if they were indeed performed. See, e.g., Hobson, 574 F.3d at 88;

9

Juliano v. Health Maintenance Org. of New Jersey, 221 F.3d 279, 287-88 (2d Cir. 2000).

The Court disagrees with plaintiff's claim that the Report "miscontrue[d]" the law or "failed to apply the proper legal standards," see Pl. Obj. at 9-10, and agrees with Magistrate Judge Lindsay's determination that the conflict of interest was not of "great importance." See Report at 32. Hartford took steps to reduce potential bias, and there is nothing to suggest that it was inappropriately influenced by any conflict of interest. Plaintiff's remaining arguments with respect to this objection are without merit.

Eighth, plaintiff argues that the Report "mischaracterizes" and "unjustifiably relied upon" the report of Dr. Melvyn Lurie, a board certified psychiatrist who conducted an independent psychiatric review of plaintiff's file. Pl. Obj. at 22. Plaintiff contends that Dr. Lurie does not address the issues of fatigue or pain in his evaluation, Pl. Obj. at 22-23; however, the record indicates that Dr. Lurie was retained solely in his capacity as a psychiatrist, see AR at 244-250, and an opinion as to plaintiff's physical condition would therefore have been beyond the scope of his expertise. Plaintiff further argues Dr. Lurie's opinion should be rejected in its entirety because he did not evaluate Ianniello in person. See Pl. Obj. at 22-23 (citing Sheehan v. Metropolitan Life Ins. Co., 368 F.Supp.2d 228, 254-55 (S.D.N.Y. 2005)). The Court agrees with the analysis articulated in Gannon v. Aetna Life Ins. Co., No. 05-Civ.-2160, 2007 WL 2844869, at *13 n. 6 (S.D.N.Y. Sept. 28, 2007), which rejected that proposition in light of the Supreme Court's decision in Black & Decker v. Nord, 538 U.S. 822 (2003). Accordingly, Dr. Lurie's opinion need not have been rejected out of hand. However, assuming Dr. Lurie's "paper" psychological review was incorrectly considered, it would not change the Court's ultimate determination that no reasonable trier of fact could find Hartford's denial arbitrary or capricious.

Ninth, plaintiff points out that the Policy determines disability by examining whether the claimant is capable of performing her "own occupation," rather than "any occupation." Pl. Obj. at 23. This objection is duplicative of arguments made elsewhere in plaintiff's objections, and is overruled for the reasons discussed supra.

Tenth, plaintiff objects to the Report's statement that the record "mostly contain[s] contradictory and conclusory opinions of her treating physicians that do not provide a basis for her purported functional limitations." Pl. Obj. at 23. Plaintiff claims that "there was no uncertainty or contradiction[] as to the fact of her condition" and that Dr. Anderson's "opinions are well-explained, not conclusory." Id. (emphasis in original). The Court finds nothing inaccurate about the Report's discussion, and plaintiff's objection is overruled.

Eleventh, plaintiff objects to the Report's statement that "the administrative record is devoid of any objective proof to confirm the existence of a condition that could be clinically correlated to her subjective complaints of dizziness, loss of appetite, exhaustion, hair loss, tremors and pain." Pl. Obj. at 24 (citing Report at 35). Plaintiff appears to acknowledge the accuracy of this statement, but again argues that she did not produce any objective evidence because she was not specifically asked for any. This objection is overruled for the reasons discussed supra.

Twelfth, and finally, Ianniello argues again that she did not receive a full and fair review. Id. at 24. Specifically, she claims that Hartford did not consider all of the facts presented, that Hartford relied upon the "factually unsupported" opinions of Dr. Bress, and that Hartford "kept changing its reasons for denying benefits." Id. This argument, duplicative of previous arguments, is overruled for the reasons set forth supra.

11

The Court has reviewed the remainder of the Report and finds that it is not clearly erroneous.

IV. Conclusion

For the foregoing reasons, the Report and Recommendation is accepted in its entirety. Defendant's motion for summary judgment is granted, and plaintiff's motion for summary judgment is denied. The Clerk of Court is directed to close this case.

**SO ORDERED.**

                                                _____
                                                Sandra J. Feuerstein
                                                United States District Judge

Dated:        January 26, 2012
               Central Islip, New York