12-718-cv
Ianniello v. Hartford Life & Accident Ins. Co.

**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand thirteen.

Present:   SUSAN L. CARNEY,
           CHRISTOPHER F. DRONEY,
                *Circuit Judges*,
           PAUL G. GARDEPHE,
                *District Judge*.[*]

---

| | |
|---|---|
| VIRGINIA IANNIELLO, | |
| *Plaintiff–Appellant*, | |
| v. | No. 12-718-cv |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF AMERICAN INTERNATIONAL GROUP, INC., | |
| *Defendants–Appellees*. | |

Appearing for Appellant:   ROBERT J. ROSATI, ERISA Law Group LLP, Fresno, CA.

---

[*] The Honorable Paul G. Gardephe, United States District Judge for the Southern District of New York, sitting by designation.

Appearing for Appellee: MICHAEL H. BERNSTEIN (Matthew P. Mazzola, *on the brief*), Sedgwick LLP, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*; Arlene R. Lindsay, *Magistrate Judge*).

**UPON DUE CONSIDERATION,** it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and it hereby is **AFFIRMED**.

Plaintiff Virginia Ianniello appeals from the February 1, 2012 order of the district court granting summary judgment to defendants Hartford Life and Accident Insurance Company ("Hartford") and Group Long Term Disability Plan for Employees of American International Group, Inc. (the "Plan"). Ianniello has been an employee of American International Group ("AIG") since 1981, most recently serving as "Manager-Multinational Accounts." She participates in the Plan, an employee benefit plan sponsored by AIG, administered by Hartford, and governed by the provisions of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 ("ERISA"). After several hospitalizations, Ianniello filed a claim for long-term disability benefits under the Plan, attaching a physician's statement advising of Ianniello's diagnoses of chronic fatigue, fibromyalgia, and hypothyroidism. Hartford denied Ianniello's claim. She then filed suit in the district court, alleging that Hartford failed to conduct a full and fair review of her claim. See 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1(h)(1). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In an ERISA action, "we review the district court's grant of summary judgment based on the administrative record *de novo* and apply the same legal standard as the district court." Hobson v. Metro. Life Ins. Co., 574 F.3d 75, 82 (2d Cir. 2009). When "written plan documents confer upon a plan administrator the discretionary authority to determine eligibility," as they do in this case, "we will not disturb the administrator's ultimate conclusion unless it is arbitrary and capricious." Id. (internal quotation marks omitted).[1] Under this standard, we may overturn the administrator's decision to deny benefits "only if it was without reason, unsupported by substantial evidence or erroneous as a matter of law." Id. at 83 (internal quotation marks omitted). Ianniello bears the burden of proving that she is eligible for disability benefits. See Critchlow v. First UNUM Life Ins. Co. of America, 378 F.3d 246, 256 (2d Cir. 2004).

Ianniello asserts that Hartford committed a number of errors in its review of her claim, and that these errors render its decision arbitrary and capricious.

First, Ianniello challenges Hartford's description of the essential duties of the job she held when she filed her claim. Hartford incorrectly classified her job as "sedentary," Ianiello claims, because her job required travel. Hartford's own doctor conceded that Ianniello is limited in the amount of time she can walk and stand, and would therefore be unable to perform a job that requires travel. The record reflects that AIG initially represented to Hartford that Ianniello's job required some

---

[1] We need not address Ianniello's argument that the district court applied the wrong standard of review when affirming Magistrate Lindsay's Report and Recommendation, because we review the administrative record *de novo* to determine whether Hartford abused its discretion. Hobson, 574 F.3d at 82.

3

airplane travel, but subsequently amended its representation and informed Hartford that Ianniello's job was a sedentary one, requiring little or no travel. Ianniello submitted a declaration stating that she had traveled once since being employed in this position, and that six trips had been budgeted for her for the upcoming year, but that much of her workday consisted of using the computer and talking on the phone. In light of AIG's final representation and statements in Ianniello's declaration strongly suggesting that travel was not an essential part of her job, we cannot say that Hartford's conclusion was "without reason" or "unsupported by substantial evidence."

Second, Ianniello argues that Hartford abused its discretion when it required her to produce objective evidence showing that she suffered from fibromyalgia. According to a National Health Institute publication submitted by Ianniello to Hartford, fibromyalgia is "a common and chronic disorder characterized by widespread muscle pain, fatigue, and multiple tender points." App. 3396, 3412. A physician retained by Hartford to review Ianniello's records expressed doubt about Ianniello's diagnosis of fibromyalgia because Ianniello had not been tested for "tender points."[2] The absence of this test was mentioned in Hartford's rejection of Ianniello's claim. Ianniello argues that requiring her to provide such testing was unreasonable, because her policy does not require it and she was not asked specifically to provide it. She maintains further that no objective test for fibromyalgia has been generally recognized by the medical community.

---

[2] The National Health Institute publication explains that tender points are "specific places on the body — on the neck, shoulders, back, hips, and upper and lower extremities — where people with fibromyalgia feel pain in response to slight pressure." App. 3396.

4

In Hobson v. Metropolitan Life Insurance Co., 574 F.3d 75 (2d Cir. 2009), we addressed — and rejected — virtually identical arguments. The claimant in Hobson sought disability benefits based on a diagnosis of fibromyalgia; the insurer denied coverage because the claimant had not provided documented evidence of tender point testing. We held that, although the terms of the policy did not require objective evidence of disability, it was "not unreasonable for a plan administrator to require [tender point testing] so long as the claimant was so notified." Id. at 88.

Hartford made only minimal attempts to notify Ianniello that the absence of tender point testing might adversely affect its assessment of her claim. The letter initially denying Ianniello's claim does not reference the lack of a tender point test; only in its rejection of Ianniello's appeal of the denial of her claim did the insurer mention the test. While considering Ianniello's claim, Hartford in this regard only requested that Ianniello's physician submit "all current clinical findings and diagnostics to support [Ianniello's] continued limited activity level." App. 1558. Nonetheless, the record shows that Ianniello was well aware of the use of tender points as a diagnostic criterion for fibromyalgia, and had the opportunity to obtain and present such testing results to Hartford. Indeed, Ianniello's counsel began his client's appeal letter to Hartford with an extensive discussion of the American College of Rheumatology's criteria for diagnosis of fibromyalgia, noting that "[t]he patient must . . . report abnormal pain over at least 11 of 18 predesignated sites (known as tender points), when a standard quantifiable degree of pressure is

5

applied to these areas." App. 2917.[3]  Because Ianniello bore the burden of showing that she was disabled, Critchlow, 378 F.3d at 256, Hartford's demand for objective evidence was neither arbitrary nor capricious.

Third, Ianniello argues that in making its determination, Hartford failed to consider the decision of the Social Security Administration ("SSA") to award her disability benefits. An SSA award is by no means determinative of a claimant's eligibility under an ERISA plan. See Black & Decker Disability Plan v. Nord, 538 U.S. 822, 833–34 (2003). But in this case the SSA award bears even less on whether Hartford abused its discretion, because the only document Ianniello provided Hartford was a letter from the SSA confirming the amount of disability benefits she received each month. Ianniello has identified no documents that reveal the basis for the SSA's determination. Without more, we cannot fault Hartford for failing to discuss the award in its decision denying coverage.

Finally, Ianniello asserts that the district court erred by giving insufficient weight to Hartford's conflict of interest as concurrent evaluator and payor of claims, a conflict exacerbated by the use of retained consulting physicians. It is true that such a dual role creates adverse incentives, but Hartford took steps to separate claims administrators from the firm's financial departments, and ensured that the salaries of its claims adjudicators were not tied to their denial rates. We agree with the district court that, by taking these steps, Hartford adequately mitigated the effects of the conflict in its management practices. See McCauley v. First Unum

---

[3] We express no view on whether such a test is required for a definitive diagnosis of fibromyalgia. See Hobson, 574 F.3d at 79–80 n.1; Green-Younger v. Barnhart, 335 F.3d 99, 108 (2d Cir. 2003). We conclude only that Hartford did not abuse its discretion in denying Ianniello's claim.

Life Ins. Co., 551 F.3d 126, 133 (2d Cir. 2008). Hartford also acted properly in relying on the opinions of consulting doctors external to Hartford, even though it selected (and presumably compensated) those doctors. See Hobson, 574 F.3d at 90. Indeed, Hartford's retained physicians made multiple attempts to contact Ianniello's treating physician to discuss his findings, but he did not return the consulting physicians' phone calls.

We have considered Ianiello's other arguments on appeal and, after a thorough review of the record, find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit